# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

GS HOLISTIC, LLC,

|  |  |  |  |
|---|---|---|---|
| | Plaintiff, | : | Case No. 1:24-cv-00451 |
| | | | |
| | | | District Judge Walter H. Rice |
| -  vs  - | | | Magistrate Judge Michael R. Merz |
| | | | |
| SMOKE N SAVE LLC, et al., | | | |
| | | | |
| | Defendants. | : | |

# DECISION AND ORDER

This trademark case is before the Court on Plaintiff's Motion to Strike Certain of Defendant's Affirmative Defenses, to wit, the Second, Third, Fourth, Fifth, and Seventh Affirmative Defenses (ECF No. 7).

Defendants respond that they have no objection to the striking of the Second and Third Affirmative Defenses (ECF No. 11, PageID 136).  However, Defendants then proceed to defend what is pleaded as the Second Affirmative Defense: "SECOND DEFENSE  76. Plaintiff has failed to join parties necessary for just adjudication pursuant to Rule 19 and/or 19.1 of the Ohio Rules of Civil Procedure." (ECF No. 5, PageID 105)

The Magistrate Judge agrees with Plaintiff that the failure to join defense is not properly pleaded because it does not give plaintiff fair notice of the identity of the party or parties Defendants are alleging need to be joined under Fed.R.Civ.P. 19.  It is of course true as Defendants

allege that Plaintiff must identify who is liable to it, but that does not justify a pleading which alleges someone else must be joined.  Additionally, it is Fed.R.Civ.P. 19, not Ohio R. Civ. P. 197 which is involved.  The Second Affirmative Defense is STRICKEN.

Defendants' Third Affirmative Defense is that "77. Plaintiff's claims are barred by the statute of fraud."  Defendants state they have no objection to the striking of Affirmative Defenses Two and Three, but then defend ¶ 77 by claiming that the allegations in the Complaint are fraudulent.  If Defendants have a good case for summary judgment and moreover for a violation of Fed.R.Civ.P. 11, the proper ways to raise those are not by pleading the "statute of frauds."  The Third Affirmative Defense is STRICKEN.

Defendants' Fourth Affirmative Defense reads:

> FOURTH DEFENSE
>
> 78. Plaintiff's complaint is barred by accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, duress, estoppel, failure of consideration, want of consideration for a negotiable instrument, fraud, illegality, laches, license, payment, release, statute of frauds, statute of limitations, waiver or other affirmative defenses not known to the Defendant at the present time but which will be disclosed during the discovery process.

(ECF No. 5, PageID 105).  This is not a proper pleading of any of the listed defenses, but a mere repetition of possible defenses.  It does not give Plaintiff fair notice of anything and is hereby STRICKEN.

Defendants' purported Fifth Defense is not a defense at all, but a purported reservation of the right to raise other defenses as their substance is revealed in discovery.  Defendants will be able to raise additional defenses to the extent they can satisfy the amendment standards of Fed.R.Civ.P. 15.  The Fifth Defense is therefore STRICKEN as surplusage.

The Seventh Affirmative Defense is that Plaintiff's claims are barred by contract, but gives no notice to Plaintiff of what contract might be involved and it is therefore STRICKEN.

January 10, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge