# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

GS HOLISTIC, LLC,

                Plaintiff,      :      Case No. 1:24-cv-00451

                                        District Judge Walter H. Rice
  -  vs  -                                Magistrate Judge Michael R. Merz

SMOKE N SAVE LLC, et al.,

                Defendants.    :

## REPORT AND RECOMMENDATIONS

     This trademark case is before the Court on Plaintiff's Motion to Dismiss Defendants' Counterclaim (ECF No. 8).  Plaintiff, relying on Fed.R.Civ.P. 12(b)(6) and 12(e), seeks to have the Counterclaim (ECF No. 5) dismissed or at least to obtain an order for a more definite statement.  Defendants oppose the Motion (ECF No. 12).  Plaintiff has not filed a reply memorandum in support and its deadline for doing so has expired, rending the Motion ripe.

     A motion to dismiss is a dispositive matter on which an assigned Magistrate Judge must provide the District Court with a recommended decision, rather than deciding the matter himself in the first instance.  Fed.R.Civ.P. 72(b).

     The substance of the Counterclaim is that Plaintiff has sued Defendant Michael Adams without any basis to do so and that Plaintiff's allegations against Adams are willfully negligent or malicious.  Adams however disclaims a characterization of the Counterclaim as being for

1

malicious prosecution, abuse of process, or violation of Fed.R.Civ.P. 11 (ECF No. 12, PageID 139-40). Instead, Adams invokes 28 U.S.C. § 1927. *Id.* at PageID 139. Adams also relies on *GS Holistic, LLC, v. Brother Pastor LLC, et al.*, Case No. 8:22-cv-02179, but gives this Court no citation to where that opinion can be found and does not provide a copy.

28 U.S.C. § 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the Court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Although no conscious impropriety is required to authorize an award of attorney fees under this statute, such an award remains within the sound discretion of the trial judge. *Jones v. Continental Corp.*, 789 F.2d 1225, 1229-1230 (6th Cir. 1986).

Imposition of sanctions under this section does not require a finding of subjective bad faith; rather, the Sixth Circuit had adopted an objective test for attorney liability under this section. *Jones v. Continental Corp.,* 789 F.2d 1225 (6th Cir. 1986). A negative ruling on the Rule 11 motion does not preclude imposing sanctions under § 1927. *Ridder v. Springfield*, 109 F.3d 288, 297 (6th Cir. 1997). However, the fact the Court has found substantive Rule 11 violations does not necessarily imply an attorney has violated § 1927. *Orlett v. Cincinnati Microwave*, 954 F.2d 414, 418 (6th Cir. 1992).

To satisfy the statute,

> There must be some conduct on the part of the subject attorney that trial judges, applying the collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party.

2

*Ullmann v. Olwine, Connelly, Chase, O'Donnell & Weyher,* 123 F.R.D. 559, 561, (S.D. Ohio 1987), *quoting In Re Ruben,* 825 F.2d 977, 984 (6th Cir. 1987). *See also Holmes v. City of Massillon*, 78 F.3d 1041, 1049 (6th Cir. 1996) and *Shepherd v. Wellman,* 313 F.3d 963 (6th Cir. 2002), quoting the same language. A court does not lose jurisdiction to impose sanctions under § 1927 when the case is dismissed. *Red Carpet Studies v. Sater*, 465 F.3d 642 (6th Cir. 2006). The purpose of § 1927 sanctions is punitive, rather than restitutionary; therefore an amount less than the opponent's attorney fees may be sufficient. *Id*.

The cited case law makes it clear that 28 U.S.C. § 1927 does not create a separate cause of action, but provides a vehicle to sanction an attorney who violates its proscriptions. Relief under § 1927 may be sought by motion, but it is attorney conduct which is its target.

Accordingly, the Motion to Dismiss the Counterclaim should be granted without prejudice to a motion for sanctions under 28 U.S.C. § 1927 or Fed.R.Civ.P. 11 if warranted.

January 10, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #