IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| GS HOLISTIC, LLC | : | CASE NO. 1;24-cv-00451 |
| Plaintiff | : | JUDGE WALTER RICE |
| vs. | : | MOTION FOR SUMMARY JUDGMENT OF DEFENDANT MICHAEL ADAMS AND SMOKE N SAVE, LLC, dba SMOKE N SHOP, ET AL; MOTION FOR FRCP 11 SANCTIONS |
| SMOKE N SAVE, LLC dba SMOKE N SHOP, et al. | : | |
| | : | |
| Defendant | : | |

**DEFENDANTS'MOTION FOR SUMMARY JUDGMENT WITH AFFIDAVIT ATTACHED**

Now comes the Defendants, Michael Adams and SMOKE N SAVE LLC (hereinafter collectively referred to as "Defendant"), by and through undersigned counsel, and moves the Court to grant the Defendants, Michael Adams and SMOKE N SAVE LLC, summary judgment on all claims of the Plaintiff.

**LEGAL STANDARD FOR SUMMARY JUDGMENT**

When a party files a motion for summary judgment, it must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In reviewing a summary judgment motion, the Court must view the evidence in a light most favorable to the non-moving party to determine whether a genuine issue of material fact

exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970); *White v. Turfway Park Racing Ass'n, Inc.*, 909 F.2d 941, 943-44 (6th Cir. 1990), impliedly overruled on other grounds by *Salve Regina Coll. v. Russell*, 499 U.S. 225, 111 S. Ct. 1217, 113 L. Ed. 2d 190 (1991). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

**FACTS**

The Plaintiff's complaint was filed in this matter does not establish any infringement of any trademark of the Plaintiff's by the Defendant. The complaint is a boiler plate complaint asserted by the Plaintiff's without any investigation as to the ownership of the property at 1091 Ohio Pike, an investigation as to the operator of the business at that location by the Plaintiff's with any governmental agency regulating businesses in Clermont County, or the Secretary of State. The Plaintiff's complaint is nothing more than an attempt to shake down the Defendants and require the Defendants to incur legal expense.

The Plaintiff names the Defendant Michael Adams and adds SMOKE N SAVE LLC d/b/a SMOKE N SHOP that the Defendant Adams has no connection. Adams has attempted to make it clear to the Plaintiff and to the Court, the Defendant Michael Adams was not doing business on July 28, 2023. The Defendant Michael Adams, never acquired or sold Stundenglass Marks, any counterfeit Stundenglass branded products, or any product of the Plaintiff's described in the complaint. Affidavit of Michael Adams, ¶ 3.

The Plaintiff states it "has had to bear great expense to seek out and investigate suspected counterfeiters in GS's attempt to clean up the marketplace." Doc. #1 at PAGEID 6 ¶ 25. Whatever investigation expense the Plaintiff's expended in this matter to conduct an

investigation was wasted money as the Defendant Adams was never in business on July 28, 2023. Affidavit of Michael Adams, ¶ 4. In addition, in response to this motion, the Plaintiff should set forth every governmental entity the Plaintiff's investigated to determine the Defendant Adams was operating a business at 1091 Ohio Pike on July 28, 2023.

The Plaintiff asserts "the Defendants operate a retail smoke shop through which they sell water pipes, cigarettes, electronic cigarettes, vaporizers, tobacco, and other smoking related devices."

Doc. #1 at PAGEID 7 ¶ 26. The Defendants Michael Adams has no affiliation with SMOKE N SAVE and Adams has not operated a smoking establishment at any times mentioned in the complaint. Affidavit of Michael Adams, ¶ 5. The allegation asserted is simply not true and demonstrates a clear violation of FRCP 11. The complaint asserted by the Plaintiff against the Defendant is frivolous and presented for an improper purpose.

The allegation in the complaint states: "Specifically, on July 28, 2023, GS's investigator attended SMOKE N SHOP's location, which was open to the public..." Doc. #1 at PAGEID 8 ¶ 33. The Defendant Michael Adams never operated SMOKE N SHOP, and SMOKE N SAVE was not in business on July 28, 2023. Affidavit of Michael Adams, ¶ 6. Further, the complaint states Michael Adams authorized, directed, and/or participated in SMOKE N SHOP'S (SAVE) offer for sale in commerce of the Counterfeit Goods. Doc. #1 at PAGEID 8 ¶ 35. The Defendant Michael Adams had no affiliation with SMOKE N SAVE on July 28, 2023 and Adams did not operate a business on July 28, 2023. Affidavit of Michael Adams, ¶ 7. The investigator utilized by the Plaintiff is simply being untruthful and counsel for the Plaintiff never investigated the work of the investigator prior to filing the complaint against the moving Defendants.

Michael Adams sold the business at 1091 Ohio Pike to Ohio Pike Food Mart, Inc., on or before May 30, 2023. Affidavit of Michael Adams, ¶ 8. The Plaintiff's complaint states: "It is readily apparent that the Defendants, as merchants, have failed to conduct any reasonable inquiry into the authenticity of the goods sold by their shop and have acted with at least willful blindness as to GS's intellectual property rights in the Stundenglass Marks. Doc. #1 at PAGEID 10-11, ¶ 46. The Defendant Michael Adams and SMOKE N SAVE could not be the merchants who purportedly sold the Plaintiff's products as the records from the Ohio Attorney General disclose the Ohio Pike Food Mart, Inc., is the operator of the business where Plaintiff's products are being sold on July 28, 2023. See Exhibit A attached; ¶ 9. If anyone was acting with willful blindness it was the Plaintiff who filed a complaint against the moving Defendants without ascertaining the truthfulness of the allegations asserted. Plaintiff's complaint is a clear violation of FRCP 11.

The Plaintiff may possess copyrights, trademarks, patents, and whatever else they claim in the complaint but there is nothing that connects Michael Adams to the Plaintiff's products, or with the sale of any glass objects of the Plaintiff. The Defendant Adams does not have any profits to disgorge and there are no assets to freeze as the Defendant Adams never sold any of the Plaintiff's glass on July 28, 2023 or at any other time, and the moving Defendants were not in business on the dates alleged in the complaint. Affidavit of Michael Adams, ¶ 10. Further, the Plaintiff cannot prove or present any evidence the moving Defendants were in business. The owner of the property at 1091 Ohio Pike has provided a statement the moving Defendants' lease expired on May 31, 2023.

Wherefore, the moving Defendants request the complaint be dismissed with prejudice, for court costs, attorney fees pursuant to FRCP 11, and such other relief the Court deems just and

proper.

/s/Thomas D. Molony
Thomas D. Molony (0085851)
Trial Attorney for Defendants, Michael
Adams and SMOKE N SAVE, LLC
4353 Montgomery Road
Norwood, Ohio 45212
(513) 379-0019
(513) 531-0135 fax
tomolony@hotmail.com

CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing was sent to John D. Hoffman, Jr., Esq., Attorney for Plaintiff, by email this 14th day of February 2026 through Pacer.

/s/Thomas D. Molony
Thomas D. Molony